# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

**TEC International, LLC**
      Plaintiff,

V

**Maumee Authority Stamping, Inc., et al**
      Defendant.

Hon. Patrick J. Duggan
Magistrate Judge Donald A. Scheer
File No. 2:09-CV-14474-PJD-DAS

_____

## STIPULATION AND AGREED PROTECTIVE ORDER GOVERNING DISCOVERY MATERIALS

Non-Party **Ford Motor Company** (hereinafter "Ford"), Plaintiff **TEC International, LLC** ("Plaintiff") and Defendants **Stanley Chlebowski and Maumee Assembly and Stamping, LLC, et al.** ("Defendants") (Plaintiff and Defendants, collectively, "Requesting Parties") file this Stipulation and Agreed Protective Order ("Order") to preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in the above-captioned matter. Ford and the Requesting Parties agree that a protective order concerning discovery materials is necessary to protect the integrity of this information, the rights of parties and non-parties producing discovery ("Disclosing Party"), and the Requesting Parties to this Order, and the rights of certain third parties.

    AGREED THAT:

    1.    Parties and non-parties shall have the right to designate as confidential any documents, things and information produced in compliance with discovery requests made by Requesting Parties which any party or non-party believes contain trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential business information.

2. All documents, things and information designated as confidential pursuant to this Order provided in the course of this litigation and any information contained therein or derived therefrom shall be used solely for the purposes of preparing for trial and the trial and appeal of this action and for no other purposes whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Order.

3. All Confidential Documents shall be so designated by marking the legend "CONFIDENTIAL – PRODUCED BY [Disclosing Party] PURSUANT TO PROTECTIVE ORDER" (hereinafter, the "Confidential Documents") at the time of its production. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable. In the event Requesting Parties' counsel receiving Confidential Documents disagrees with such a designation as to one or more documents, Requesting Parties' counsel shall have a right to seek an order from the Court, pursuant to noticed motion and with fourteen (14) days advanced notice to counsel for the Disclosing Party. In the event the disclosing party is Ford, such advanced notice shall be given to Assistant General Counsel for General Litigation, Ford Motor Company, World Headquarters, One American Road, Fourth Floor, Dearborn, Michigan, 48126. However, until such a time as the Court rules that a particular Confidential Document is not subject to protection, any such designated documents shall continue to be protected under this Order.

4. Confidential Documents, copies thereof, and the information contained therein shall not be made available or disclosed to any person except Requesting Parties, their counsel, expert witnesses, and office staff assisting in this matter, and the Judge.

5. Confidential Documents shall remain in the custody of Requesting Parties' counsel, Requesting Parties' expert witnesses and/or staff, and shall not be provided to other

persons except as necessary to prepare for trial, the trial itself or appeal of this action pursuant to paragraphs 2 and 4 above.

6. In the event Requesting Parties' counsel determines that the prosecution of this action requires that Confidential Documents be disclosed to persons not otherwise authorized herein, Requesting Parties' counsel shall provide written notice by overnight mail or hand delivery of the intended disclosure to the counsel for the Disclosing Party. In the event the Disclosing Party is Ford, such written notice shall be given to Assistant General Counsel for General Litigation, Ford Motor Company, World Headquarters, One American Road, Fourth Floor, Dearborn, Michigan, 48126. The notice shall specify with particularity the Confidential Documents to be disclosed and the identity of the otherwise unauthorized person. This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within ten (10) business days after receipt of such notice, counsel for the Disclosing Party objects in writing to such disclosure, the Confidential Documents shall not be disclosed unless the Judge so orders.

7. In the event Requesting Parties' counsel receives a subpoena or other formal demand from any source whether related to another cause of action, proceeding, investigation or otherwise, for the production or disclosure of any Confidential Documents that are in such Requesting Parties' possession or control, or the possession and control of their counsel, Requesting Parties' counsel shall provide the Disclosing Party written notice of such subpoena or demand at least fourteen (14) days prior to the required response to such subpoena or demand and shall not interfere with any action the Disclosing Party may elect to take to protect the confidentiality of the Confidential Documents. If, however, a response by Requesting Parties' counsel to such a subpoena or demand is required in less than fourteen (14) days, the Requesting Parties' counsel shall provide the Disclosing Party with immediate notice in writing via overnight

mail. In the event the Disclosing Party is Ford, such notice shall given to the Assistant General Counsel for General Litigation, Ford Motor Company, World Headquarters, One American Road, Fourth Floor, Dearborn, Michigan. The Requesting Parties shall not interfere with any action a Disclosing Party may elect to take to protect the confidentiality of the Confidential Documents.

8. All Confidential Documents and any papers containing information contained therein or derived therefrom that are filed with the Judge shall be filed in sealed envelopes bearing the title of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," to be opened only as the Court directs. The filing shall occur in accordance with the U.S. District Court for the Eastern District of Michigan's Local Rules 5.3, 26.4 and 83.31(a)(3)(B).

9. In order to permit discovery to proceed without further delay, the Requesting Parties' counsel and the Disclosing Party's counsel agree that this Order shall be effective from the date on which it is executed by Plaintiff's counsel, Defendants, and Ford, and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

10. Attendance at depositions taken in this action at which Confidential Documents or any information contained therein or derived therefrom is identified, discussed or disclosed shall be limited to the deposition notary, the witness, counsel for the witness, parties' counsel, agents for parties' counsel and any representatives of the parties who have agreed in writing to be bound by the terms of this Order. If any such Confidential Documents are to be used during the deposition in this action of any person who is not a Disclosing Party officer or employee, the deponent shall be required to acknowledge on the record that he is aware of and agrees to be bound by the terms of this Order. That portion of the deposition transcript concerning any such

Confidential Documents subject to this paragraph shall not be disclosed to any person except as provided in this Order, and shall be bound separately by the Court Reporter and labeled "Confidential." Disclosing Parties and Requesting Parties further agree that this Order shall apply in the same manner that it applies to documents, to all testimony (including depositions) relating to Confidential Documents, and transcriptions thereof, given in this case.

11. Nothing in this Order shall be construed to preclude Ford or any other Disclosing Party from seeking additional protection of Confidential Documents, or from otherwise seeking a modification of this Order.

12. If any information, document or other material is subject to a claim of attorney-client privilege, work product, or any other ground upon which production of such information may be withheld from the Requesting Parties' counsel ("Privileged Document"), the Disclosing Party shall prepare a privilege log. If any such material – subject to a claim of attorney-client privilege, work product, or other ground upon which production of such information may be withheld from the Requesting Parties' counsel is nevertheless inadvertently produced by a Disclosing Party to such parties' counsel, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which Ford or other Disclosing Parties would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of the Requesting Parties' counsel, such Requesting Parties' counsel shall either promptly (a) return to Disclosing Party that material as to which the claim of inadvertent production has been made (including all copies thereof) and make no use of such documents or other information for any purpose or (b) with proper notice given to Disclosing Party, provide the material to the Court in this action for a ruling on its claimed privileged status

and continued use.  The Requesting Parties shall not use the inadvertent disclosure as a basis for arguing that the documents are not privileged.

13. At the conclusion of this action, all Confidential Documents, including all copies, extracts and summaries and all documents containing information taken therefrom, shall be returned to the Disclosing Party no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action.

14. In the event any additional party is added to this litigation, and to the extent that Confidential Documents are to be disclosed to such party and such party's counsel, each new party's counsel shall sign a duplicate original of this Order and send it to counsel for all Disclosing Parties and cause the same to be filed with the Court.  No Requesting Party shall release any Confidential Documents to any such additional party before that party is bound by the Order.

15. This Order may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

                     s/Patrick J. Duggan
                     Patrick J. Duggan
                     United States District Judge

Dated: 7/9/10

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2010, by electronic and/or ordinary mail.

                     s/Marilyn Orem
                     Case Manager

AGREED AND CONSENTED TO:

/s/ Tiffany A. Buckley-Norwood          _____
Tiffany A. Buckley-Norwood (P69807)     John Mucha, III (P40907)

| | |
|---|---|
| Dickinson Wright PLLC<br>Counsel for Non-Party Ford Motor Co.<br>500 Woodward Ave., Suite 4000<br>Detroit, MI 48226<br>313-223-3470<br>tbuckley@dickinsonwright.com | Dawda, Mann, Mulcahy & Sadler, PLLC<br>Counsel for Plaintiff TEC International, LLC<br>39533 Woodward Avenue, Suite 200<br>Bloomfield Hills, MI 48304-5103<br>248-642-3999<br>jmucha@dmms.com |

/s/ David W. Zoll
David W. Zoll (0008548)
Zoll & Kranz
Counsel for Defendants Stanley Cheblowski and
    Maumee Assembly & Stamping, LLC
6620 W. Central Ave., Suite 200
Toledo, OH 43617
419-841-9623
david@toledolaw.com

DETROIT 18260-2698 1162699